## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Marietta Kindred, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| v. | **WITH JURY TRIAL DEMAND** |
| Enhanced Recovery Company, LLC, | |
| Defendant. | |

## PRELIMINARY STATEMENT

This action for damages is based on Defendant's frequent and unauthorized calls to Plaintiff's cellular telephone to collect a purported consumer debt. Plaintiff seeks monetary relief based on Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. § 10-1-393, *et seq.*

## PARTIES

1. Plaintiff, Marietta Kindred, is a natural person who resides in Clayton County, Georgia.

1

2. Defendant, Enhanced Recovery Company, LLC is a limited liability company formed under the laws of the State of Delaware and registered to do business in the State of Georgia. Defendant may be served with process via its registered agent, CT Corporation System, at 1201 Peachtree Street NE, Suite 1240, Atlanta, Georgia 30361.

3. At all relevant times hereto, Defendant acted through its agents, employees, officers, members, directors, and/or representatives.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3). *See Mims v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740, 753 (2012) (holding federal district courts have federal question jurisdiction over TCPA claims). This Court's jurisdiction over the claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, likewise arises under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendant frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

6. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district. Pursuant to LR 3.1B(3), NDGa, venue is proper in the Atlanta Division because the conduct complained of herein occurred in Clayton County, which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is the subscriber for the cellular telephone with the number 404-***-4485 (the "Cell Phone").

8. Since at least May, 2016, Plaintiff has been receiving calls on her Cell Phone from Defendant seeking to collect an alleged debt owed by a third party unknown to Plaintiff.

9. Defendant's calls to Plaintiff were made from phone number 800-875-5164.

10. The phone number set forth in Enumeration 9 above is utilized by or under the control of Defendant.

11. Since May, 2016, Plaintiff has received similar calls from Defendant.

12. On numerous occasions Plaintiff advised Defendant that it was calling a wrong number in its attempts to collect a debt.

13. Defendant knew or should have known that it was calling the wrong party in the calls identified above.

14. When Plaintiff answered calls from Defendant, she heard pauses and/or clicks and a delay at the beginning of the calls.

15. Upon information and belief, Defendant used an autodialer and/or predictive dialing equipment to make its calls to Plaintiff.

16. Plaintiff never provided consent for Defendant to call her on her Cell Phone.

17. To the extent Plaintiff provided consent for Defendant to call her on her Cell Phone, Plaintiff explicitly revoked that consent.

18. Subsequent to her revocation of consent, Plaintiff did not provide additional consent for Defendant to contact her.

19. Defendant's calls to Plaintiff had no emergency purpose.

20. Rather, Defendant advised Plaintiff that its calls were for the purpose of debt collection.

21. Plaintiff was unable to avoid or escape Defendant's repetitive calls. Even attempts to "block" the calls still resulted in brief "rings" and other alerts to Plaintiff's Cell Phone.

22. Once Defendant knew that Plaintiff did not wish to be called, there was no purpose for placing additional calls to her Cell Phone other than to annoy, abuse, or otherwise harass Plaintiff.

23. Plaintiff carries her Cell Phone at most times to be accessible to her family, friends, and work-place. Calls from Defendant have interrupted and interfered with Plaintiff's daily life, including activities of daily living, interactions with family and friends, and work activity.

24. Defendant's campaign of harassing phone calls has caused Plaintiff actual damages, including, but not limited to, the consumption of "minutes" as contemplated in her cellular service plan that has the end result of Plaintiff paying for the calls initiated by Defendant, depletion of Plaintiff's battery life resulting in diminished preferred usage by Plaintiff, emotional distress—including frustration and aggravation—in managing the persistent calls, and expenses associated with seeking to enforce Defendant's compliance with the law.

## TRIAL BY JURY

25. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227,** *et seq.*

26.  Plaintiff incorporates by reference paragraphs 1 through 24 as though fully stated herein.

27.  Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by making repeated phone calls to Plaintiff's Cell Phone, without permission or emergency purpose, and using an autodialer and/or predictive dialing equipment.

28.  As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff is entitled to recover a minimum of $500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

29.  Defendant knew that it did not have Plaintiff's consent to receive its calls at all.  Its repeated calls were, therefore, knowing and/or willful violations of the TCPA.

30.  Accordingly, pursuant to 47 U.S.C. § 227(b)(3)(C), Defendant's knowing and/or willful violations of the TCPA entitles Plaintiff to triple the amount of damages to which Plaintiff is otherwise entitled under 47 U.S.C. § 227(b)(3)(B).

## COUNT II

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692,** *et seq.*

31.  Plaintiff incorporates by reference paragraphs 1 through 24 as though fully stated herein.

32. Defendant markets itself as "experts in Post-Charge Off accounts, specializing in secondary and older." See, https://www.ercbpo.com/. (Last visited July 28, 2016.)

33. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

34. The calls initiated by Defendant to Plaintiff were for the purpose of collecting a consumer debt alleged to be owed by a third-party.

35. Upon information and belief, Defendant failed to meaningfully identify itself and the party for whom it was collecting in violation of 15 U.S.C. §§ 1692b1 and 1692d(6).

36. Defendant's repeated calls to Plaintiff are a violation of 15 U.S.C. §§ 1692b(3) and 1692d and d(5).

## COUNT III

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
## O.C.G.A. § 10-1-393(a)

37. Plaintiff incorporates by reference paragraphs 1 through 24 and 31 through 36 as though fully stated herein.

38. O.C.G.A. § 10-1-393(a) broadly prohibits unfair business practices.

39. It was an unfair business practice for Defendant to call Plaintiff's Cell Phone repeatedly, without consent, when it knew or should have known that the number was not that of the third-party it was seeking.

40. It was an unfair business practice for Defendant to repeatedly call Plaintiff's Cell Phone in an attempt to collect a debt allegedly owed by a third party.

41. It was an unfair business practice for Defendant to continue to contact Plaintiff after she requested that Defendant stop contacting her.

42. Defendant's actions have interfered with Plaintiff's daily life in a manner that she did not invite, disclaimed, and could not reasonably escape.

43. As pled above, Plaintiff was harmed by Defendant's unfair conduct.

44. Upon information and belief, Defendant regularly uses repeated, unauthorized calls to consumers in its debt collection efforts.

45. Upon information and belief, repeated and unauthorized calls to consumers are Defendant's *modus operandi* for debt collection and are done on a wide scale.

46. Defendant's conduct amounts to an unfair business practice.

47. Defendant's conduct has implications for the consuming public in general and potential negative impact on the consumer marketplace.

48. Defendant does not maintain a place of business in Georgia and has no assets in Georgia thus relieving Plaintiff of the Notice and Demand requirement of O.C.G.A. § 10-1-399(b).

49. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

50. As a result of Defendant's willful and wanton violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

51. Defendant's actions were intentional, rendering it liable for treble damages pursuant to O.C.G.A. § 10-1-399(c).

52. Plaintiff is entitled to recover reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 10-1-399(d).

53. Furthermore, because Defendant has acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense, Plaintiff is also entitled to an award of reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

a.) Damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) & (C);

b.) Actual damages;

c.) General, exemplary, and treble damages pursuant to O.C.G.A. §§ 10-1-399(a) & (c);

d.) Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k and O.C.G.A. §§ 10-1-399(d) and/or 13-6-11; and

e.) Such other and further relief as may be just and proper.

Respectfully submitted, this 28th day of July, 2016.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
Paul J. Sieg
Georgia Bar No.: 334182
*psieg@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333
*Plaintiff's Attorneys*

11